**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| VICTOR HUGO D. P., | Case No. 25-cv-4593 (LMP/DTS) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| SAMUEL J. OLSON, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; TODD LYONS, *in his official capacity as acting director of U.S. Immigration and Customs Enforcement*; PAM BONDI, *in her official capacity as Attorney General of the United States*; JOEL BROTT, *Sherburne County Sheriff*, | |
| Respondents. | |

Gloria Leticia Contreras Edin and Solomon Daniel Steen, **Contreras Edin Law, P.A., Saint Paul, MN**, for Petitioner.

Liles Harvey Repp and Ana H. Voss, **United States Attorney's Office, Minneapolis, MN** for Respondents.

Petitioner Victor Hugo D. P. brings a petition for a writ of habeas corpus, ECF No. 1, and a motion for a temporary restraining order ("TRO"), ECF No. 2, alleging that he is being denied a bond hearing in violation of the Immigration and Nationality Act ("INA"). Victor Hugo D. P. seeks various forms of relief, including his immediate release or, alternatively, to order Respondents (the "Government") to provide him a bond hearing.

ECF No. 1 at 27; ECF No. 3 at 32.[1]  Because Victor Hugo D. P. is entitled to a bond hearing, the Court grants his habeas petition and orders the Government to provide him with a bond hearing within 7 days of the date of this Order.

## BACKGROUND

Victor Hugo D. P. is a native and citizen of Mexico who has resided in the United States for almost twenty years without lawful status.  *See* ECF No. 1 ¶ 18.  Victor Hugo D. P. has never applied for legal status.  ECF No. 12 ¶ 8.  Since arriving in the United States, Victor Hugo D. P. has remained law-abiding.  *See* ECF No. 1 ¶ 56; ECF No. 1-1 at 4 (immigration records noting that Victor Hugo D. P. has no criminal history).  Victor Hugo D. P. lives with his partner, a lawful permanent resident, and his stepson, a United States citizen.  ECF No. 1-4 at 2.  Victor Hugo D. P. had no contact with Immigration and Customs Enforcement (ICE) prior to November 2025.  *Id.* at 1.

On November 18, 2025, Victor Hugo D. P. was arrested by ICE and remains in the custody of the Department of Homeland Security pending removal proceedings.  ECF No. 1 ¶ 57; ECF No. 1-2 at 1; ECF No. 12 ¶¶ 4, 9.  After his arrest, Victor Hugo D. P. filed a motion to receive a bond hearing in accordance with 8 U.S.C. § 1226(a).  ECF No. 1 ¶ 62; ECF No. 12 ¶ 6.  Victor Hugo D. P. stated that if he were granted bond, he would continue to reside in Minnesota while his immigration case progressed.  ECF No. 1-4 at 1.  An immigration judge denied his motion, concluding that Victor Hugo D. P. is not entitled

---

[1]   The Government has since provided a brief on behalf of the federal respondents.  ECF No. 11.  Sheriff Brott did not provide a separate response, nor does the Court find one necessary.  ECF No. 11 at 1 n.1.

2

to a bond hearing at all and instead is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1-3. The immigration judge cited a recent Board of Immigration Appeals ("BIA") decision which concluded that immigration judges "lack authority to hear bond requests or to grant bond" to noncitizens who are unlawfully present in the United States because they are "subject to mandatory detention." *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 (B.I.A. 2025); ECF No. 1-3 at 1.

On December 11, 2025, Victor Hugo D. P. brought the present habeas petition, alleging that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), and that the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) are inapplicable to him. *See generally* ECF No. 1. He brings statutory and constitutional claims and claims under the Administrative Procedures Act ("APA"). *Id.* ¶¶ 67–102. For a remedy, Victor Hugo D. P. seeks immediate release or a bond hearing. *Id.* at 27.[2] Victor Hugo D. P. also brings a Motion for a Temporary Restraining Order, ECF No. 2, which requests largely the same relief, *see* ECF No. 3 at 31–32.

This Court, and hundreds of others, have considered the precise legal issue presented by Victor Hugo D. P.'s petition. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455 (D. Minn. Dec. 9, 2025). And this Court and nearly every

---

[2] Victor Hugo D. P. also asks that the Court declare him a member of the *Maldonado Bautista* class. ECF No. 1 at 27; *see generally Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403, at *4, 9 (C.D. Cal. Nov. 25, 2025) (certifying a class of noncitizens bringing the same claims that Victor Hugo D. P. brings here). But because Victor Hugo D. P. succeeds on his own statutory claim, the Court need not address whether he is eligible for relief based on the decision in *Maldonado Bautista*.

federal court to consider the issue have rejected the reasoning of *Yajure Hurtado* and ordered the Government to provide bond hearings to noncitizens pursuant to Section 1226(a). *See id.* at *4. Given that this Court has already ruled on this precise question, the Court ordered the Government to respond to Victor Hugo D. P.'s petition in light of its holding in *Roberto M. F.* ECF No. 8. Specifically, the Court advised the Government that it would "not depart from its reasoning in *Roberto M. F.* absent a good-faith argument by the Government as to how this case is factually or legally distinguishable." *Id.* at 1. Accordingly, the Court ordered the Government to answer the petition within three days and provide "[a] good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*" *Id.* at 2.

The Government timely responded, *see* ECF Nos. 11–12, and Victor Hugo D. P. replied, ECF No. 13. The Government represents that no hearing is needed in this matter, ECF No. 11 at 25, and Victor Hugo D. P. never requested one. Accordingly, the Court will decide the petition on the papers.

## ANALYSIS

The government makes two primary arguments in opposition to Victor Hugo D. P.'s petition. First, it continues to assert that *Yajure Hurtado* was correctly decided and asks the Court to reconsider its decision in *Roberto M. F.* ECF No. 11 at 4–13; 14–18. The Court declines to do that. ECF No. 8 at 1.

Second, the Government provides two factual distinctions that purportedly support a departure from the holding in *Roberto M. F.* The Government first asserts that Victor Hugo D. P. has had no contact with immigration authorities since his arrival in the United

4

States twenty years ago, whereas Roberto M. F. had taken affirmative steps to adjust his immigration status. ECF No. 11 at 13–14. But the Government does not explain why that factual distinction matters to the legal question at issue, and the Court sees no reason why that fact alone makes any difference in this case.

As a second factual distinction, the Government states that "none of the cases cited in this district" addressed a case in which a petitioner "affirmatively states that he now" plans to stay in the United States if released on bond. *Id.* at 14. According to the Government, because Victor Hugo D. P. stated that he would remain in Minnesota if granted bond, ECF No. 1-4 at 1, he is an applicant "seeking admission." ECF No. 11 at 14. In support, the Government cites *Melgar v. Bondi*, one of the minority decisions that has adopted the reasoning of the BIA, which stated that a petitioner who "intends to stay here" is a noncitizen "seeking admission." No. 8:25-cv-555, 2025 WL 3496721, at *14 (D. Neb. Dec. 5, 2025).

First off, the Government is wrong when it asserts that no court in this District has considered a situation in which a noncitizen intends to remain in the United States. Indeed, that is exactly what Roberto M. F. wanted. *See Roberto M. F.*, 2025 WL 3524455, at *1; *see also Belsai D. S. v. Bondi*, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *2 (D. Minn. Oct. 1, 2025) (granting similar habeas relief to petitioner who was seeking legal status to remain in the United States); *Andres R. E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *1 (D. Minn. Nov. 4, 2025) (same). Even so, the Court disagrees with *Melgar*'s atextual conclusion that a noncitizen's efforts to obtain legal status or

5

otherwise stay in the United States somehow constitutes "seeking admission" as that phrase is used in Section 1225(b)(2).

To be subject to mandatory detention under Section 1225(b)(2), a noncitizen must have been "seeking admission" at the time of his arrest. *See Belsai D. S.*, 2025 WL 2802947, at *6 ("One who is 'seeking admission' is presently attempting to gain admission."). And for purposes of the INA, "admission" is defined as "the lawful entry of [an] alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13). In the immigration context, the term "entry" has long been understood to mean the physical act of "coming from outside" into the United States. *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929); *see Francisco T. v. Bondi*, No. 25-cv-3219 (JMB/DTS), 2025 WL 2629839, at *3 (D. Minn. Aug. 29, 2025). Accordingly, to be "seeking admission," one must be presently seeking "entry"; that is, "coming from outside" into the United States. *Claussen*, 279 U.S. at 401, *see also Romero v. Hyde*, 795 F. Supp. 3d 271, 285 (D. Mass. 2025) (quoting *Jennings*, 583 U.S. at 288–89) ("[S]ection 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'").

What's more, the definition of "application for admission" further supports the conclusion that "admission" means physical entry. Naturally, an "applicant for admission" who is "seeking admission" will do so through an "application for admission." *Cf.* 8 U.S.C. § 1225(b)(1) (reflecting that an "applicant for admission" who is "applying for admission" does so via an "application for admission"). The INA explains that "application for admission" refers to "the application for admission into the United States and not to the

6

application for the issuance of an immigrant or nonimmigrant visa." 8 U.S.C. § 1101(a)(4). As this Court and the vast majority of courts have already concluded, "admission" in 8 U.S.C. § 1225(b)(1) means physical entry. And because Victor Hugo D. P. was not seeking physical entry into the United States when he was detained, he is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

The Government's argument to the contrary implies that any noncitizen seeking to remain in the United States pending immigration proceedings, or after the conclusion of immigration proceedings, is properly labeled as "seeking admission" under Section 1225(b)(1). Under the Government's reading of Section 1225(b)(1), a noncitizen arrested and detained would be presented with the Hobson's choice of either agreeing to voluntary departure (and therefore forgoing a bond hearing) or stating a desire to remain in the country (and therefore being denied a bond hearing). In either case, the result would be the same: no one receives a bond hearing. The Government may wish to ignore Section 1226(a), explicitly or implicitly, but as this Court and hundreds of other courts around the country have concluded, it may not do so. *See Owner-Operator Ind. Drivers Ass'n, Inc. v. Supervalu, Inc.*, 651 F.3d 857, 863 (8th Cir. 2011) (explaining that a court "must read all parts of [a] statute together and give full effect to each part") (citation omitted).

Because the Government has not provided a reason, factually or legally, for the Court to depart from its analysis in *Roberto M. F.*, the Court concludes that Section 1226(a)—not Section 1225(b)(1)—applies. Consequently, Victor Hugo D. P. is entitled to a bond hearing before an immigration judge.

7

The only remaining question is what relief to provide to Victor Hugo D. P. He suggests that the Court should order his immediate release. ECF No. 13 at 7–8. The Court considered the same request in *Roberto M. F.* and concluded that such relief was not warranted because he had not established that his detention was illegal per se, but that his detention was illegal insofar as he had been denied a bond hearing. *See* 2025 WL 3524455, at *5. The same is true here. Accordingly, the Court will order the Government to provide Victor Hugo D. P. with a bond hearing in accordance with Section 1226(a).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Victor Hugo D. P.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. Within 7 days of the date of this Order, the Government shall provide Victor Hugo D. P. with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3. If the Government does not provide Victor Hugo D. P. with a bond hearing as required by this Order, he must be immediately released from detention;

4. Within 8 days of the date of this Order, the Government shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Victor Hugo D. P.'s release; and

5. Victor Hugo D. P.'s Motion for a Temporary Restraining Order (ECF No. 2) is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 19, 2025                          *s/Laura M. Provinzino*
                                                                    Laura M. Provinzino
                                                                    United States District Judge